### 10471.   HARRIS *v.* ADAMS, executor.

LUKE, J.  1. "Where an instrument purporting to be a will is duly probated in common form in pursuance of the Civil Code, § 3855, and letters testamentary are duly issued to the executor nominated in the will, and recorded as provided by the statute, the executor may proceed with the regular administration of the estate. *Maund* v. *Maund,* 94 *Ga.* 479 (20 S. E. 360). Where an executor has qualified after the probate of the will in common form in the manner indicated above, and, after more than twelve months have expired since the qualification of the executor, a creditor of the estate institutes a suit against the executor to recover a debt created by the testator, the institution of the suit is not premature.

" (*a*) The facts that before the probate of the will in common form an application had been presented to the court of ordinary to probate the paper in solemn form, and a caveat had been filed to such probate, and a judgment rendered by the court of ordinary setting up the will, and an appeal entered from the judgment of the court of ordinary to the superior court, and the suit by the creditor was instituted within less than twelve months after the judgment probating the will in solemn form, would not affect the case. If, pending the application to probate the will in solemn form, the ordinary had merely appointed as temporary administrator the person nominated in the will as executor, as provided in the Civil Code, § 3943, par. 10, a different question would arise." 150 *Ga.* 204 (103 S. E. 229).

2. The foregoing is the answer of the Supreme Court to a question certified by this court, and under the ruling there made the trial court erred in sustaining the defendant's plea in abatement, which set up that the suit was prematurely brought.

*Judgment reversed.   Broyles, C. J., and Bloodworth, J., concur.*

DECIDED JUNE 15, 1920.

Complaint; from Washington superior court — Judge Hardeman.   March 14, 1919.

*Jordan & Harris,* for plaintiff.

*Evans & Evans,* for defendant.